FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAY 1 6 2016  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

LEON REITZENSTEIN,

    )                  Defendant.

15-CR-0643

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**Appearances**

**For United States:**

Patrick T. Hein
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
(718) 254-6284
patrick.hein@usdoj.gov

**For Defendant:**

David Z. Chesnoff
Goodman & Chesnoff
520 S. Fourth Street
Las Vegas, NV 89101
(702) 384-5563
dzchesnoff@cslawoffice.com

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I.    Introduction ........................................................................................................2

    A.   Instant Offense: Willful Failure to Collect and Pay Over FICA Taxes................................3

    B.   Arrest ...........................................................................................................3

    C.   Guilty Plea ....................................................................................................3

    D.   Sentencing ....................................................................................................3

II.   Offense Level, Category, and Sentencing Guidelines Range.............................................4

III.  Law..................................................................................................................4

IV.  18 U.S.C. § 3553(a) Considerations .....................................................................5

V.   Sentencing ........................................................................................................7

VI.  Conclusion.........................................................................................................7

## I.    Introduction

Defendant Leon Reitzenstein pled guilty to one count of willful failure to collect and pay

FICA taxes to the Internal Revenue Service. As the president, owner, and operator of

Chauffeured Services Unlimited LLC ("CSU"), a limousine service company that did business in

the New York City metropolitan area, he caused CSU to fail to pay $389,439 in payroll taxes to

the Internal Revenue Service. *See* Presentence Investigation Report ("PSR") at ¶ 5. His conduct

appears to be an aberration from his otherwise productive and law-abiding life.

Mr. Reitzenstein is sentenced to three years of probation and five-hundred hours of

community service. He must also pay a $100 special assessment, a $40,000 fine, and $389,439

in restitution. *See* Sentencing Hearing, Apr. 27, 2016 ("Sent. Hr'g").

### A. Instant Offense: Willful Failure to Collect and Pay Over FICA Taxes

Defendant was charged with willful failure to remit FICA taxes. PSR at ¶ 1. Between 2009 and 2010, Mr. Reitzenstein's company, CSU, withheld employment taxes from its employees' pay and prepared Form 941 for each of the four quarters in 2009 and 2010. For the quarters ending March 2009, June 2009, December 2009, and for all four quarters in 2010, however, the defendant knowingly failed to remit the total payroll taxes collected from employees' pay. In total, CSU failed to pay a total of $389,439 in payroll taxes. PSR at ¶ 5.

### B. Arrest

Mr. Reitzenstein was arrested on January 27, 2016. He was released the same day on a property bond of $100,000. *See* PSR at 1; Sent. Hr'g.

### C. Guilty Plea

On January 27, 2016, Mr. Reitzenstein pled guilty to count one of a seven-count information. Count one charges that for the quarter ending March 31, 2009 (January 1, 2009, to March 31, 2009), the defendant willfully failed to remit FICA taxes knowing that the taxes were due and owing in the amount of $73,609, in violation of 26 U.S.C. § 7202. PSR at ¶ 1.

### D. Sentencing

A sentencing hearing was conducted on April 27, 2016. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

## II.    Offense Level, Category, and Sentencing Guidelines Range

The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is five years. *See* PSR at ¶ 53.

The defendant's criminal history category is I. PSR at ¶ 22. The base offense level is 18. *Id.* at ¶ 10. The offense level was decreased by two points for the defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E.1.1(a), and reduced by an additional point pursuant to U.S.S.G. § 3E1.1(b) for notifying the government in a timely manner of the his intention to enter a plea of guilty. *See id.* at ¶¶ 17-18; *see also* Sent. Hr'g. The adjusted offense level is 15, yielding a Guidelines sentencing range of 18 to 24 months. *See* PSR at ¶ 54; *see also* Sent. Hr'g.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

## III.    Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at

245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (*en banc*) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.     18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). For the reasons stated on the record, a custodial sentence is unnecessary. *See* Sent. Hr'g.

Mr. Reitzenstein was born on July 15, 1959 in the Bronx, New York. He appears to have had a stable, middle-class upbringing by two working parents. *See* PSR at ¶¶ 29-31. Defendant completed high school and some college. *Id.* at ¶ 39. He has been married for nearly 13 years and has a 10-year old daughter. *Id.* at ¶ 32. Defendant's wife is employed as an administrative

5

assistant at a private equity firm and earns approximately $92,000 a year. Were the defendant incarcerated, his wife has indicated that she could not financially support herself and their daughter, or afford their current residence. *Id.* at ¶ 33.

Due to his flexible work schedule and close office location, defendant is able to spend considerable time with his daughter, care for her if she is sick and take her to medical appointments. Defendant also regularly attends all of his daughter's gymnastics competitions and practices, and accompanies her to the movies and other events. *Id.* Defendant's wife has indicated that were defendant incarcerated, she would have limited childcare assistance because both of her parents work and her sister lives out of state. *Id.*

The defendant testified that, at the time of the offense, his company employed over 100 people. *See* Hr'g Tr., Apr. 27, 2016. Following the financial crisis, defendant noted that sales and rentals of cars and limousines declined. In an attempt not to fire any his employees, he withheld payroll taxes that should have been paid to the IRS. *See id.*

For the reasons stated on the record, a custodial sentence is unnecessary. The defendant has demonstrated genuine remorse for his conduct, and a desire to work hard to repay the amount he owes the government. *See id.*

This offense was an isolated incident inconsistent with defendant's general character. *Id.*

Since the offense, defendant has started a new transportation company which has properly paid all taxes. The company has started to provide free transportation services for patients attending drug programs. *See id.*

The harm that would be caused by a prison sentence far outweighs the benefits. Defendant's family would undoubtedly suffer, both financially and emotionally, and the

government would be less likely to recover the restitution it seeks. Taxpayers would be unnecessarily burdened.

## V.       Sentencing

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Reitzenstein is sentenced to probation for a term of three years, and 500 hours of community service. Hr'g Tr., Apr. 27, 2016. A $100 special assessment is imposed. Pursuant to the plea agreement, restitution in the amount of $389,439 is ordered. Defendant will pay the entirety of the restitution amount in bulk; if he does so within 30 days there will be no interest. A fine in the amount of $40,000 is ordered. The fine may be paid in installments of no less than $1,000 per month. It shall not bear interest as long as the payments are timely. Defendant's outstanding bond is exonerated.

General and specific deterrence are achieved by the sentence imposed.

## VI.      Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 2, 2016
          Brooklyn, New York